JACKIE D. SCIPIO, Appellant, v WAL-MART STORES EAST, L.P., et al., Respondents. [953 NYS2d 776]—

Appeal from an order of the Supreme Court, Onondaga

County (Deborah H. Karalunas, J.), entered April 27, 2011. The order granted the motion of defendants for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this personal injury action, plaintiff appeals from an order granting the motion of defendants for leave to amend the answer to assert the affirmative defenses of res judicata and collateral estoppel and for summary judgment dismissing the complaint based on those doctrines. We reject plaintiff's contention that those doctrines do not apply to the facts before us. We note at the outset that the doctrines of res judicata and collateral estoppel "are applicable to give conclusive effect to the quasi-judicial determinations of administrative agencies" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 499 [1984]; *see Yoonessi v State of New York*, 289 AD2d 998, 1000 [2001], *lv denied* 98 NY2d 609 [2002], *cert denied* 537 US 1047 [2002]). Furthermore, contrary to plaintiff's contention, defendants " 'demonstrate[d] the identicality and decisiveness of the issue' " decided in the prior administrative proceeding, and plaintiff failed to establish " 'the absence of a full and fair opportunity to litigate the issue in [the] prior . . . proceeding' " (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999], quoting *Ryan*, 62 NY2d at 501).

Contrary to plaintiff's further contention, Supreme Court did not abuse or improvidently exercise its discretion in granting that part of defendants' motion for leave to amend the answer. "Leave to amend the pleadings 'shall be freely given' absent prejudice or surprise resulting directly from the delay" (*McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.*, 59 NY2d 755, 757 [1983], quoting CPLR 3025 [b]; *see Bryndle v Safety-Kleen Sys., Inc.*, 66 AD3d 1396, 1396 [2009]) and, here, plaintiff failed to establish either prejudice or surprise resulting from the delay. Present—Scudder, P.J., Fahey, Carni, Valentino and Martoche, JJ.